FILED
United States Court of Appeals
Tenth Circuit

**July 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

———————————————————

STEVEN ALEXANDER WEINERT,

Plaintiff - Appellant,

v.

PUSHMATAHA COUNTY MUNICIPAL
DISTRICT; B.J. HEDGECOCK;
AMANDA RODEN,

Defendants - Appellees.

No. 25-7075
(D.C. No. 6:23-CV-00330-RAW-JAR)
(E.D. Okla.)

———————————————————

### ORDER AND JUDGMENT*

———————————————————

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.

———————————————————

Stephen Weinert, an Oklahoma pretrial detainee proceeding pro se, appeals the

district court's dismissal of his civil rights lawsuit. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND & PROCEDURAL HISTORY

Weinert filed this lawsuit while an inmate at the Pushmataha County Jail. The district court screened his complaint per 28 U.S.C. § 1915A and dismissed, but with leave to amend. Weinert filed an amended complaint, by which time he had been moved to a different detention facility, but his claims still arose from his time at the Pushmataha County Jail. He named as defendants the Pushmataha County Municipal District, BJ Hedgecock (the county sheriff), and Amanda Roden (administrator of the jail). He alleged:

- lack of access to news material, in violation of the First Amendment;

- lack of access to a law library, in violation of the Fifth, Sixth, and Fourteenth Amendments;

- inadequate nutrition and unsafe/unsanitary living conditions, in violation of the Eighth Amendment;[1]

- excessive bail, in violation of the Eighth Amendment;[2]

- punishment without due process; and

- retaliation for filing the original complaint, in violation of the First, Fifth, Eighth, and Fourteenth Amendments.

---

[1] Like the district court, we treat this claim as pleaded under the Due Process Clause of the Fourteenth Amendment. *See Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019) (explaining that the Fourteenth Amendment, not the Eighth, protects pretrial detainees against unconstitutional treatment while detained).

[2] Weinert also pleaded excessive fines, in violation of the Eighth Amendment, but he abandons that claim on appeal.

Defendants moved to dismiss for failure to state a claim. The district court agreed with defendants and dismissed the amended complaint without prejudice,[3] denied numerous pending motions Weinert had filed, and entered final judgment.

## II.    ANALYSIS

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted).[4]

**A.    Access to News Media.** Weinert first alleges the individual defendants (Sheriff Hedgecock and Jail Administrator Roden) "did not provide any means to read or veiw [sic] news material [in] jail." R. at 113. A prison regulation restricting inmates' constitutional rights "is valid if it is reasonably related to legitimate penological interests," *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks omitted), and an inmate challenging the restriction must "plead facts

---

[3] Normally, we may only decide appeals from a district court's "final decisions." 28 U.S.C. § 1291. Sometimes a dismissal without prejudice is "a non-final, nonappealable order (since amendment would generally be available)." *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994). But "a dismissal of the entire action is ordinarily final." *Id.* In this case the order granting defendants' motion to dismiss assessed a strike under 28 U.S.C. § 1915(g) and directed entry of final judgment. The district court therefore intended to dismiss the entire action, making the dismissal order final and appealable.

[4] For most of Weinert's claims, the district court gave two or more independent reasons to dismiss. But once we identify a dispositive ground, we need not address others. *See Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 558 (10th Cir. 2001) ("We need not discuss all of [the] reasons [given by the district court] because we can affirm on the basis of one."). That ground need not be one relied on by the district court. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011) ("[W]e may affirm on any basis supported by the record . . . .").

3

from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest," *id.* at 1188.

Weinert believes that *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), overcomes this standard. In *Kingsley* the Supreme Court held that a pretrial detainee claiming excessive force "must show only that the force purposely or knowingly used against him was objectively unreasonable," *id.* at 396–97, in contrast with excessive-force claims brought by convicted prisoners, who must prove that the force "was applied maliciously and sadistically to cause harm," *id.* at 400 (internal quotation marks omitted). The Court said that "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'" *Id.*

Weinert relies on *Kingsley*'s "cannot be punished at all" statement seemingly to assert there can never be a legitimate penological interest in failing to give pretrial detainees access to news media. *See* Aplt. Opening Br. at 4. We are not persuaded there can *never* be a nonpunitive purpose for denying access. Because Weinert did not attempt to plead the lack of a legitimate penological interest, this claim was properly dismissed.

**B.** **Access to the Courts.** Weinert next claims the individual defendants did not give him access to a law library before a preliminary hearing in a criminal case, "causing lack of knowledge of [a] state statute which would have allowed [an] objection to [the] hearing being continued and having subpoenas issued." R. at 113. In turn, this allegedly "caused [the] case to be bound over for trial rather than dismissed." *Id.* Weinert therefore claims the defendants deprived him of his due-

4

process right of access to the courts. At the hearing in question, however, Weinert chose to represent himself and the state court appointed standby counsel. "[P]roviding legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999).

Weinert counters that standby counsel is not an adequate substitute for a library, and a defendant should not be put to the choice of representing himself without a library or accepting court-appointed counsel. But in *Taylor* we rejected essentially the same assertion. The defendant in *Taylor* "elected to waive counsel, but did so conditioning his pro se election on access to a law library." *Id.* The county jail where the defendant was housed had no law library, so the district court appointed standby counsel. *Id.* This court ruled that the district court provided the defendant "with the equivalent of his library access demand when it ordered counsel to assist him at trial" because access to counsel "included access to any relevant legal materials obtainable through counsel." *Id.* In this light, Weinert's access-to-courts claim fails.

**C.    Living Conditions at the Jail.** Weinert claims all defendants (that is, the individual defendants and the county) are responsible for allegedly unsafe living conditions that "caused extreme emotional distress, especially so due to plaintiff's [posttraumatic stress disorder]." R. at 114. But "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

5

physical injury or the commission of a sexual act . . . ."  42 U.S.C. § 1997e(e).  Thus, Weinert's claim, based on emotional injury, necessarily fails.

D.    **Excessive Bail.**  Weinert claims all defendants held him on excessive bail, in violation of the Eighth Amendment.  But the state court, not any of the defendants, set his bail.  This claim therefore fails for lack of causation.  *See Daniels v. Gilbreath*, 668 F.2d 477, 480 (10th Cir. 1982) ("As a quasi-tort action, a showing of proximate cause is one of the requirements [of a § 1983 claim].").

E.    **Lockdowns as a Form of Punishment Without Due Process.** Apparently returning to the principle that "pretrial detainees (unlike convicted prisoners) cannot be punished at all," *Kingsley*, 576 U.S. at 400, Weinert alleges he was held in the Pushmataha County Jail with convicted tribal defendants serving sentences and he was "locked-down as a collective punishment for actions of other inmates," R. at 117.  He further alleges the jail never answered grievances, which amounted to lack of a grievance procedure.

The exact injury here is unclear.  If he means to say that being locked down based on the actions of other inmates—including those who are serving sentences— converts the lockdown into punishment, he offers no support for that notion.  If he means to say that ignoring grievances (presumably about the lockdown) converts the lockdown into punishment, he likewise offers no support.  Referring to lockdowns, he says he has a "liberty interest in not being punished for the actions of others," Aplt. Opening Br. at 10, but this assumes lockdowns are punishment, rather than "reasonably related to legitimate penological interests," *Gee*, 627 F.3d at 1187

6

(internal quotation marks omitted). Weinert may not simply assume the main fact to be proved. He must plausibly plead lack of a legitimate penological interest. *See id.* Because he does not do so, this claim also fails.

**F.     Lockdown as Retaliation.** Finally, Weinert alleges the following about Jail Administrator Roden: "Amanda Roden, shortly after [the] filing of [the] original complaint, actually locked [Weinert] down after stating 'O, you want to sue the jail' prior to slamming his bean hole and then locking him down." R. at 117. The district court identified this as a First Amendment retaliation claim, and Weinert's opening brief agrees with that characterization.

Retaliation claims require, among other things, "that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Weinert's retaliation claim fails to plausibly plead facts satisfying this element because there is no context to suggest the lockdown in question was unique to him, as opposed to part of the broader lockdowns he discusses in his complaint (in which he would have been locked down anyway). We therefore affirm dismissal of this cause of action.

## III.   MOTIONS

The district court also denied several of Weinert's motions. He contests three of those denials on appeal.

**A.     Motion to Expunge.** Weinert moved "to expunge his arrest and criminal records" because "every 'conviction' in [his] history is the result of civil

rights violations and the coercion of prosecutor's [sic]." R. at 120. The district court denied the motion because only a habeas action could grant the relief requested. {R. at 326.} We review this ruling de novo, *see Butler v. Compton*, 482 F.3d 1277, 1278 (10th Cir. 2007), and discern no error. Although Weinert argues he only moved "to expunge not set aside prior convictions," Aplt. Opening Br. at 12, that is a distinction without a difference. The district court correctly denied this motion.

B.    **Motion to Appoint Counsel.** Weinert also moved to have an attorney appointed for him. "We review the denial of appointment of counsel in a civil case for an abuse of discretion," *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), although abuse of discretion in this context is even more deferential than usual: "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned," *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985). We see no fundamental unfairness in these circumstances. We therefore will not overturn the district court's decision on this issue.

C.    **Motion to Remove State Cases.** Weinert moved to remove several state-court criminal prosecutions to federal court. He cited multiple removal statutes, but only one, 28 U.S.C. § 1443, permits removal of a criminal case. To qualify for removal under that statute, the prosecution must be "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," § 1443(1); or "[f]or any act under color of authority derived

from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," § 1443(2). Weinert claimed the state courts were denying him numerous constitutional rights, apparently meant as an argument for application of § 1443(1). The district court denied the motion because Weinert had not alleged racial animus as the force behind the alleged constitutional violations. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (stating that to qualify for removal under § 1443(1), "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" (internal quotation marks omitted)).

"We review a district court's removal determination de novo." *Doe v. Integris Health, Inc.*, 123 F.4th 1189, 1193 (10th Cir. 2024). Weinert argues that housing him with tribal inmates "suggest[s] that what is punishment for [a] tribal member ([I]ndian), is not for [a] white man," thus demonstrating the racial animus the district court said was lacking. Aplt. Opening Br. at 13. But Weinert never raised this argument in the district court. We therefore leave the district court's ruling undisturbed. *See Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990) ("A federal appellate court, as a general rule, will not reverse a judgment on the basis of issues not presented below.").

9

## IV.    CONCLUSION

We affirm the district court's judgment.[5]

Entered for the Court

Harris L Hartz
Circuit Judge

---

[5] We grant Weinert's motion for leave to proceed on appeal without prepayment of costs or fees.  We remind Weinert he must continue making partial payments until the filing fee is paid in full.